**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0816n.06

No. 11-5811

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jul 30, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)   ON APPEAL FROM THE
v. )   UNITED STATES DISTRICT
)   COURT FOR THE WESTERN
MICHAEL MARTIN, )   DISTRICT OF TENNESSEE
)
    Defendant-Appellant. )
)

BEFORE: BOGGS and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM. Michael Martin, a federal prisoner, appeals his conviction for being a felon in possession of a firearm. After being charged with this offense, Martin filed a motion to suppress the firearm in question. The district court held a hearing on the motion and denied it. Martin then entered a guilty plea, conditioned on the reservation of his right to appeal the denial of his suppression motion. He was sentenced to 180 months of imprisonment.

In reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions de novo; all evidence is viewed in the light most favorable to the government. *United States v. Caruthers*, 458 F.3d 459, 464 (6th Cir. 2006); *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).

The evidence presented at the hearing showed that, on the night of Martin's arrest, at approximately 4:00 or 5:00 a.m., a woman delivering newspapers reported to a neighborhood

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

security guard that she had seen a man in black pants and a white hooded jacket come out of the bushes in a residential neighborhood. Around the same time, a burglar alarm sounded from one of the homes. The security guard called the police, who responded to the scene. A man walking his dog corroborated the newspaper delivery woman's description of a man seen near the burglar alarm. A responding officer reported that, on his way to the scene, he had seen a man matching that description running across the street. He and two other officers returned to that area, where they encountered Martin, wearing black pants and a white hooded jacket with leaves on it, walking down the sidewalk. The officers parked their vehicles, and two of the officers exited their vehicle, asking Martin to stop and produce identification. All three officers testified that Martin made a sudden, quick move to reach into his left front pocket. All of the officers testified that they immediately assumed that Martin was reaching for a weapon. The two officers who were standing near Martin each quickly grabbed one of his arms and put him against the police cruiser to be handcuffed. A handgun was recovered from Martin's left front pants pocket.

Police may briefly detain someone when they have a reasonable suspicion that criminal activity is occurring. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Martin argues that, because the house where the burglar alarm sounded was not actually entered, the police lacked a reasonable suspicion of criminal activity and should not have stopped him for questioning. This argument is frivolous. Martin was seen by police running away from an area where a burglar alarm sounded, and other witnesses reported seeing him coming out of the bushes near the house. The fact that the burglary attempt was abandoned due to the alarm did not mean that the officers could no longer suspect that Martin had been engaged in criminal activity.

A closer question is whether the police were justified in searching Martin for a weapon. In order to frisk Martin for a weapon, the police must have had a reasonable suspicion that he was armed. *See Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009); *United States v. Pearce*, 531 F.3d 374, 380 (6th Cir. 2008). On this issue, the three police officers testified that Martin reached for his left front pocket in a manner that led them to believe he had a weapon. Martin cites *United States v. McKoy*, 428 F.3d 38, 40 (1st Cir. 2005), in which the court concluded that a driver stopped for a traffic violation might be expected to reach into the console of his car for his registration and insurance documents, and that such a motion, without more, did not justify a search for a weapon. In this case, however, the district court accepted the police officers' testimony that none of them believed that Martin was quickly reaching into his left front pocket to produce identification. Because the district court observed the testimony of the witnesses, its findings must be given due deference. *United States v. Townsend*, 305 F.3d 537, 542 (6th Cir. 2002). No clear error is apparent here. Accordingly, the district court's denial of Martin's motion to suppress is affirmed.